# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|                              |                           |
|------------------------------|---------------------------|
| **BRYAN WILSON**,            |                           |
|     Plaintiff, |                     |
| v.                           | Case No. 15-CV-1149 (CRC) |
| **U.S. DEPARTMENT OF JUSTICE**, |                        |
|     Defendant. |                     |

## MEMORANDUM OPINION AND ORDER

Plaintiff Bryan Wilson submitted a Freedom of Information Act ("FOIA") request to the Department of Justice's ("DOJ's") Executive Office for United States Attorneys ("EOUSA")[1] to obtain specific types of records related to his prior criminal conviction in the District of Columbia. EOUSA released nine pages of responsive records after Wilson filed his Complaint. The government has since moved for summary judgment. Because the declaration accompanying DOJ's motion leaves substantial doubt as to the sufficiency of its search, the Court will grant in part and deny in part the government's motion.

### I. Background

On May 25, 2014, Wilson requested "a true copy of the original indictment, complete with the signatures of the indicting grand jury," and "a copy of any requests for subpoena, or affidavits in support of court order or warrant for authorization to obtain cell site information" for a specified telephone number. Def.'s Mot. Summ. J. ("MSJ") Ex. A, at 1. On June 12, 2014, EOUSA informed Wilson that his request could not be processed because it did not include a

---

[1] EOUSA "provides administrative support for the 93 United States Attorneys," including "legal education, administrative oversight, technical support, and the creation of uniform policies." "Executive Office for United States Attorneys," https://www.justice.gov/usao/eousa (last updated July 8, 2015).

certification of his identity and did not specify a particular U.S. Attorney's Office in which the records might be found. Id. Ex. B, at 1. On December 8, 2014, Wilson followed up by requesting "copies of any & all affidavits and motions to the Superior Court for the District of Columbia and District of Columbia Court of Appeals moving those Courts for an order requiring Nextel Inc. to turn over cell site records" for Wilson's cell phone to the U.S. Attorney for the District of Columbia or the Metropolitan Police Department. Id. Ex. C, at 1. EOUSA produced nine pages of records to Wilson, but it also invoked FOIA Exemption 7(C), 5 U.S.C. § 552(b)(7), to justify redacting personal identifying information for certain DOJ employees, law-enforcement personnel, and third parties assisting with the underlying investigation. This response to Wilson's latter FOIA request is properly before the Court.[2]

The government has moved for summary judgment, claiming that no genuine dispute exists as to the adequacy of its search and the propriety of its limited withholdings. Wilson, proceeding *pro se*, contests that the government has demonstrated the sufficiency of its search beyond material doubt.

**II.     Standard of Review**

Congress enacted FOIA "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." ACLU v. U.S. Dep't of Justice, 655 F.3d 1, 5 (D.C. Cir. 2011) (quoting Dep't of the Air Force v. Rose, 425 U.S. 352, 361 (1976)). The statute imposes a

---

[2] An agency's disclosure obligations under FOIA are triggered only upon receipt of a request that reasonably describes the records sought and is "made in accordance with [the agency's] published rules stating the . . . procedures to be followed." 5 U.S.C. § 552(a)(3)(A); see also Lewis v. U.S. Dep't of Justice, 733 F. Supp. 2d 97, 107 (D.D.C. 2010) ("[A]n agency is under no obligation to respond 'until it has received a proper FOIA request in compliance with its published regulations.'") (quoting Antonelli v. Fed. Bureau of Prisons, 591 F. Supp. 2d 15, 26 (D.D.C. 2008)). Because Wilson's initial request did not comply with DOJ's "verification of identity" provision, 28 C.F.R. § 16.3(a)(3), it was properly closed at the administrative level. Therefore, that request is not a subject of this action.

general obligation on federal agencies to provide records to the public. 5 U.S.C. § 552(a). Although FOIA exempts certain categories of documents from this general obligation to disclose, 5 U.S.C. § 552(b), the statute exists "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed," NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242 (1978). Thus, FOIA exemptions are "explicitly made exclusive," Milner v. U.S. Dep't of Navy, 562 U.S. 562, 565 (2011) (quoting EPA v. Mink, 410 U.S. 73, 79 (1973)), and they "must be 'narrowly construed,'" id. (citing FBI v. Abramson, 456 U.S. 615, 630 (1982)).

FOIA cases are typically decided on motions for summary judgment. Brayton v. Office of U.S. Trade Rep., 641 F.3d 521, 527 (D.C. Cir. 2011). In deciding such a motion, a court must assume the truth of the non-movant's evidence and draw all reasonable inferences in the non-movant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). In order to meet its FOIA obligations and prevail on a motion for summary judgment, "the government must demonstrate that it conducted an adequate search and produced all responsive records not properly withheld under FOIA's nine statutory exemptions." Sack v. CIA, 49 F. Supp. 3d 15, 19 (D.D.C. 2014).

An agency cannot satisfy this burden with affidavits that are vague or conclusory, or that merely parrot the statutory standard. Consumer Fed'n of Am. v. U.S. Dep't of Agric., 455 F.3d 283, 287 (D.C. Cir. 2006). When an agency's search is questioned, it must show "beyond material doubt that its search was reasonably calculated to uncover all relevant documents." Ancient Coin Collectors Guild v. U.S. Dep't of State, 641 F.3d 504, 514 (D.C. Cir. 2011) (quoting Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 325 (D.C. Cir. 1999)) (internal quotation marks omitted). On summary judgment, a court may rely on a "reasonably detailed"

declaration that sets forth "the search terms and the type of search performed, and averring that all files likely to contain responsive material . . . were searched." Id. (quoting Oglesby v. U.S. Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990)) (internal quotation marks omitted). Such a declaration is "accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting Ground Saucer Watch, Inc. v. CIA, 692 F.2d 770, 771 (D.C. Cir. 1981)) (internal quotation marks omitted). But if the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." Truitt v. U.S. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990).

**III.    Analysis**

    A.    <u>Partial Withholdings Based on Exemption 7(C)</u>

The government has cited FOIA Exemption 7(C) as authority for redacting from the documents it produced to Wilson personal identifying information for certain DOJ employees, law-enforcement personnel, and third parties. Under that exemption, FOIA's general obligations do not apply to "records or information compiled for law enforcement purposes," but only insofar as such production could—as relevant here—"reasonably be expected to constitute an unwarranted invasion of personal privacy." Id. § 552(b)(7)(C). The government contends that identifying the individuals who helped investigate and prosecute Wilson "would shed no light on [DOJ's] performance of [its] statutory duties." MSJ 7. Wilson does not challenge these minimal withholdings, and the Court finds them to be justified for the reason the government states. See Schrecker v. U.S. Dep't of Justice, 349 F.3d 657, 661 (D.C. Cir. 2003) (citing cases that have "consistently supported nondisclosure of names or other information identifying [third-party] individuals appearing in law enforcement records, including investigators, suspects, witnesses,

4

and informants"). Accordingly, the Court will grant summary judgment in favor of the government on this aspect of the case.

B. The Adequacy of DOJ's Search

DOJ has attempted to establish the adequacy of its search through the declaration of David Luczynski, Attorney Advisor for EOUSA. Mr. Luczynski did not personally search for records responsive to Wilson's FOIA request; he instead relied on a liaison in the appropriate U.S. Attorney's Office. Luczynski describes the overall search for records as follows:

> After receiving plaintiff's request letters, EOUSA undertook the search for documents responsive to plaintiff's FOIA requests. Upon receiving a request, EOUSA forwarded the request letter to the FOIA Contact for the United States Attorney's Office for the District of Columbia as indicated by the requester. Each United States Attorney's Office maintains the case files for matters prosecuted by that office. The FOIA Contact began a systematic search for records on subject, Bryan Wilson, to determine the location of any and all files relating to him in order to comply with the FOIA request. The FOIA Contact searched for records physically and also sent e-mails to the appropriate staff to ascertain whether they had any responsive records. In connection with the search for responsive records to Plaintiff's FOIA request, the FOIA Contact used the computer tracking system for the United States Attorney Offices, the "LIONS" system. The "LIONS" system is the computer system used by United States Attorneys' offices to track cases and to retrieve files pertaining to cases and investigations. By use of the "LIONS" system, the user can access databases which can be used to retrieve the information based on a defendant's name, the USAO number (United States' Attorney's Office internal administrative number), and the district court case number.

Luczynski Decl. ¶ 9.

In opposing the government's motion, Wilson contends that Luczynski's declaration is insufficient to demonstrate the adequacy of EOUSA's search. Under Rule 56(c) of the Federal Rules of Civil Procedure, a declaration filed in support of a motion for summary judgment "must be based on personal knowledge . . . and show that the affiant or declarant is competent to testify on the matters stated." A FOIA declarant satisfies this requirement "if he has a general

5

familiarity with the responsive records and procedures used to identify those records." Barnard v. U.S. Dep't of Homeland Sec., 531 F. Supp. 2d 131, 138 (D.D.C. 2008). FOIA declarants need not have actually participated in the searches themselves. Schoenman v. FBI, 575 F. Supp. 2d 166, 172 (D.D.C. 2008). Still, "the person in charge" of performing the search is often "the most appropriate person to provide a comprehensive affidavit" in FOIA cases. Plunkett v. U.S. Dep't of Justice, 924 F. Supp. 2d 289, 298 (D.D.C. 2013) (internal quotation marks omitted).

For two main reasons, the evidentiary record leaves the Court with substantial doubt as to the sufficiency of DOJ's search. First, Luczynski did not "aver[] that all files likely to contain responsive materials . . . were searched." Ancient Coin Collectors, 641 F.3d at 514 (quoting Oglesby, 920 F.2d at 68). The description provided is far less encompassing: Luczynski first asserted that his FOIA contact "used" a particular electronic case-tracking system, "LIONS," "[i]n connection with the search for responsive records." Luczynski Decl. ¶ 9. Luczynski's FOIA contact evidently searched LIONS using some combination of Wilson's name, the relevant district-court case number, and the internal administrative number associated with Wilson's case. Id. Presumably following the leads generated by this electronic query, the contact then "searched for records physically" and "sent e-mails to the appropriate staff to ascertain whether they had any responsive records." Id. But Luczynski has not represented that all areas likely to contain responsive records were in fact searched.[3] His blanket assurance that EOUSA's search was "systematic," id., hardly remedies this crucial defect. The Court can only speculate about the FOIA contact's methodology—the number and location of any physically searched files, why

---

[3] In particular, the government did not respond to Wilson's suggestion that three additional records systems—the Replicated Court Information System, Closed Files Information Tracking System, and Master Index System—may, based on declarations previously filed by the agency, contain additional responsive records. See Pl.'s Opp'n Def.'s MSJ 7–8 (citing Ford v. U.S. Dep't of Justice, Civ. No. 07–1305 (CKK), 2008 WL 2248267 (D.D.C. May 29, 2008); Richardson v. U.S. Dep't of Justice, 730 F. Supp. 2d 225 (D.D.C. 2010)).

those files alone were searched, why some staff were deemed "appropriate" email recipients, and whether any physical searches resulted from those emails.

And second, Luczynski's declaration does not satisfy the Court that he had "a general familiarity with the responsive records" at issue in this case. Barnard, 531 F. Supp. 2d at 138. He does claim "familiar[ity] with the procedures followed by []his office in responding to the FOIA request(s) made to EOSUA by Plaintiff." Luczynski Decl. ¶ 2. He also asserts that his knowledge is partially "based upon [his] review of the official files and records of EOUSA." Id. But the identity of the documents he reviewed remains a mystery: The Court cannot determine whether records maintained by the U.S. Attorney's Office for the District of Columbia qualify as "official files and records of EOUSA" (as opposed to those of the originating office), and even if they do, it is unclear whether Luczynski has ever seen the records that were produced to Wilson. He at no point claims familiarity with records responsive to any one FOIA request. See Londrigan v. FBI, 670 F.2d 1164, 1174 (D.C. Cir. 1981) (stating that a FOIA affiant must have "personal knowledge of the documents in question," even if he did not personally participate in the search); Schoenman, 575 F. Supp. 2d at 172–73 (finding that a FOIA declarant "me[t] the standard for personal knowledge" because he was familiar with the agency's FOIA procedures and "reviewed Navy Document Number Two himself"). Given these shortcomings, the government has not shown beyond material doubt that its search was reasonably calculated to uncover all responsive records.

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment be **GRANTED IN PART** and **DENIED IN PART** without prejudice. Summary judgment is granted to Defendant as to its

withholding of certain information under Exemption 7(C), and denied without prejudice as to the adequacy of its search. It is further

**ORDERED** that Defendant, by July 12, 2016, supplement the evidentiary record in accordance with this decision.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date:     June 28, 2016